[No. 15343   In Bank.—December 23, 1894.]

MARY J. LOVEREN, RESPONDENT, *v.* S. S. LOVEREN, APPELLANT.

DIVORCE—ALIMONY PENDENTE LITE—ORDER FOR PAST EXPENSES.—Section 137 of the Civil Code, which provides that while an action for divorce is pending the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to prosecute or defend the action, empowers the court to grant an allowance only as to expenses necessary to be incurred in the future prosecution or defense of the action, and does not authorize it to make an allowance for the payment of past expenses, except where the payment is necessary to be made in order to enable the wife to further prosecute or defend the action.

ID.—EXPENSES PAID FROM MONEY BORROWED BY WIFE.—Where the expenses of a divorce action have been incurred and paid by the wife with money borrowed by her entirely upon the strength of her own credit, they cannot be made the basis of an order granting an allowance therefor and compelling the husband to pay them.

APPEAL from an order of the Superior Court of Humboldt County granting alimony *pendente lite.*

The facts are stated in the opinion of the court.

*E. W. Wilson, J. N. Gillett,* and *J. F. Coonan,* for Appellant.

*Chamberlin & Wheeler,* and *Frank McGowan,* for Respondent.

Fitzgerald, J. This is an appeal from an order made by the court below during the pendency of an action for divorce, requiring the defendant to " pay the plaintiff the sum of seven hundred and ninety-nine dollars and sixty-eight cents for the purpose of defraying the costs and expenses of this action incurred by her up to this date."

The only question to be determined here involves the power of the court to make such order.

The power of the court to grant alimony *pendente lite* in an action for divorce is derived solely from that part of section 137, Civil Code, which reads as follows:

" While an action for divorce is pending, the court may, in its discretion, require the husband to pay, as alimony, any money necessary to enable the wife . . . . to prosecute or defend the action."

The plain object of this statute was to empower the court, during the pendency of an action for divorce, upon a proper showing made by the wife for that purpose, to compel the husband to provide her with the means necessary to enable her to prosecute or defend the action.

If the expenses of the action have been incurred or paid by her with means derived from her separate estate or upon her credit, then there can be no necessity for an allowance by the court to enable her to do that which she has already done, and without such necessity the court has no authority under the statute to make such an order. And no better evidence can be adduced of her ability in this respect than the fact that she has been able, as the record shows, to incur these expenses, and to pay them with money borrowed by her entirely

upon the strength of her own credit. Expenses so incurred and paid may be, where it is proper to do so, taxable as costs in the case, but they cannot be made the basis of an order within the meaning of this statute granting an allowance therefor, and compelling the husband to pay them. Such an allowance can only be granted as to expenses necessary to be incurred in the future prosecution or defense of the action, and cannot be made for the payment of past expenses except where such payment is necessary to be made in order to enable the wife to further prosecute or defend her case.

Section 1927 of the New York code, which is substantially the same as section 137 of our code, above quoted, was so construed by the court of appeals of that state in *Beadleston* v. *Beadleston,* 103 N. Y. 402. The appeal in that case was also from an order granting an allowance pending an action for divorce, to pay expenses previously incurred. This case was subsequently approved by the same court, in *McCarthy* v. *McCarthy,* 137 N. Y. 500.

In *Bohnert* v. *Bohnert,* 91 Cal. 430, which was an action for divorce, the appeal was taken by the husband from two orders made after judgment. The first order was for an allowance of " eighty-seven dollars and fifty cents, to be paid out forthwith, as expenses for transcribing the testimony on the part of the defendant already incurred."

It appears that the allowance for past unpaid expenses for transcribing the testimony referred to was necessary to be made in order to enable the wife to further prosecute or defend her case in perfecting her appeal to this court. This allowance was clearly authorized by the statute.

The second order appealed from required the husband to " pay to the clerk of said court the amount of two hundred and sixty-nine dollars and ninety cents, to be by said clerk retained, and to await further action herein." This order was affirmed by the court, on the ground that the husband was not injured by it. That

case is neither in conflict with the views herein expressed nor with the New York cases cited, but is, so far as it goes, in line with them.

The order appealed from herein shows upon its face that the allowance was made to pay expenses theretofore incurred; and as it does not appear, and is not claimed, that it was made upon the ground that it was necessary to enable the wife to further prosecute or defend the action, it follows that the order should be reversed.

So ordered.

DE HAVEN, J., McFARLAND, J., GAROUTTE, J., PATERSON, J., HARRISON, J., and BEATTY C. J., concurred.