[No. 19526.   Department Two.—July 9, 1895.]

ISABELLA LACEY, RESPONDENT, v. WILLIAM LACEY, APPELLANT.

DIVORCE—ALIMONY—ALLOWANCE OF COUNSEL FEES—PAST SERVICES.—In an action for a divorce the court cannot in the final judgment make an allowance of additional counsel fees for past services of an attorney, such allowance not being necessary to enable the wife to prosecute the action.

APPEAL from a judgment of the Superior Court of Los Angeles County.   LUCIEN SHAW, Judge.

The facts are stated in the opinion of the court.

*Graves, O'Melveny & Shankland,* for Appellant.

The allowance of counsel fees was for past and not for future services, no services for counsel remaining unperformed, and was not within the provisions of the Civil Code.   (Civ. Code, sec. 137; *Loveren v. Loveren,* 100 Cal. 493; *Mudd v. Mudd,* 98 Cal. 322; *Sharon v. Sharon,* 75 Cal. 39, 42.)

*Graff & Latham,* for Respondent.

The cases cited by appellant's counsel are inapplicable, application having been made at the outset for an order, and the court having reserved authority to make the order, and the husband should be required to pay the fees of counsel out of his portion.   (2 Bishop on Marriage and Divorce, secs. 406, 407, 411, 416; Stewart on Marriage and Divorce, sec. 386.)

THE COURT.—Action for divorce and judgment for plaintiff.   Defendant appeals from that part of the

judgment which decrees to plaintiff three thousand five hundred dollars and interest for her counsel fees.

During the pendency of the action respondent applied for counsel fees and the court allowed her five hundred dollars, which was paid, with "leave to apply for a further allowance." In addition to this, appellant paid respondent, prior to and during the pendency of the action, two hundred dollars per month. No further allowance for counsel fees was made until the final judgment, by which respondent was awarded a large amount of real and personal property of the value of nearly one hundred thousand dollars, and being about one-half of the community property. In this final judgment respondent was allowed two thousand five hundred dollars as additional counsel fees.

The allowance was for past services, and, under the circumstances, was clearly not "necessary to enable the wife . . . . to prosecute . . . . the action"; and upon the authority of *Loveren* v. *Loveren*, 100 Cal. 493, and *Mudd* v. *Mudd*, 98 Cal. 322, it is erroneous.

The cause is remanded, with directions to the superior court to modify the judgment by striking therefrom that part which awards her counsel fees. In all other respects the judgment is affirmed.