### LEAK v. LEAK.

(Circuit Court, of Appeals, Ninth Circuit. October 14, 1907.)

No. 1,435.

1. DIVORCE—APPEAL—APPEALABLE JUDGMENT UNDER ALASKA CODE.
   A decree of the District Court of Alaska granting or denying a divorce or awarding the custody of minor children in a divorce suit is not appealable under Carter's Alaska Codes, pt. 4, § 504, which provides for appeals only in cases involving money or property.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 563.]

2. SAME—ALLOWANCES TO WIFE—ALASKA STATUTE.
   Under Carter's Alaska Codes, pt. 4, § 471, which authorizes the court in a divorce suit in its discretion to provide by order that the husband pay such an amount of money as may be necessary to enable the wife to prosecute or defend the suit, and also for the care and custody and maintenance of the minor children of the marriage during the pendency of the action, the court may properly order the husband to deposit a sufficient amount to pay the costs and expense of an appeal by the wife, and may also allow to the wife the cost of medical attendance necessarily incurred pending the suit for a minor child in her custody, but it has no power to award her a sum to cover the cost of depositions previously taken by her; the allowance authorized by the statute being for future expenses only.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 642.]

Appeal from the District Court of the United States for the First Division of the District of Alaska.

Malony & Cobb, for appellant.
Jno. R. Winn and Newark L. Burton, for appellee.

Before GILBERT, Circuit Judge, and DE HAVEN and HUNT, District Judges.

DE HAVEN, District Judge. This is an appeal from the District Court of Alaska, Division No. 1. The action was brought by the husband, who is the appellant, to obtain a decree of divorce from his wife, the appellee, and for the care and custody of their minor children. The cause of action, as stated in the complaint, was for adultery and for cruel and inhuman treatment, but the appellant was permitted at the trial to amend his complaint by withdrawing the charge of adultery. The appellee answered, denying the allegations of the complaint, and also filed a cross-complaint praying for a divorce, and that the care and custody of the children be given to her. The court found the issue of cruel and inhuman treatment in favor of the appellant, and thereupon entered its decree dissolving the marriage relation between the parties, and awarded to the appellant the custody and control of one child, Melville Sloan Leak, and the care and custody of the other, Victor Leak, to the appellee. The decree further adjudged that the appellee should recover from the appellant the sum of $515.90 to satisfy certain orders made by the court during the pendency of the action. One of these orders directed the appellant to pay the appellee the sum of $75.90, expenses which had been incurred by her before the date of such order, in taking certain depositions, "and the further sum of $150 additional attorney's fee, allowed * * * attorney for defendant for defending said cause." A second order directed the appellant to pay to the appellee $190 for the use of certain physicians who had rendered professional services to the child Victor during the pendency of the action; and another order directed him to pay to appellee $100 per month temporary alimony. There was due on account of this last order the sum of $100 at the date of the decree. Subsequent to the final decree the court, upon the application of the wife, appellee herein, made a further order that, in case the wife should appeal from the decree within 10 days, the appellant herein should pay into the registry of the court the sum of $250, to be paid out as costs of her appeal, upon vouchers properly executed and delivered to the clerk of the court, or should secure the payment of such sum by a sufficient bond. The appellant has appealed from this order, and also from that portion of the decree awarding the custody of the minor child Victor Leak to the appellee, and directing him to pay appellee the said sum of $515.90 in accordance with the orders just referred to.

The appeal from that part of the decree awarding the custody of the minor child Victor to the appellee must be dismissed on the authority of Simms v. Simms, 175 U. S. 162, 20 Sup. Ct. 58, 44 L. Ed. 115; Leak v. Leak (No. 1,443) 156 Fed. 473, the opinion in which was filed October 7, 1907. The other questions do not require extended discussion. It is sufficient to say that the court did not err in its order allowing $150 as additional compensation to the attorney for the appellee, and directing that the appellant pay the same into the registry of the court for disbursement on that account; nor do we think the court erred in directing the appellant to pay the sum of $190 to satisfy the claim of the physicians who rendered their professional services to the

same child during the pendency of the action, and while in the custody of the appellee.

It appears from the facts recited in the order just referred to that on April 12, 1906, the child was in a critical condition, and in need of immediate medical and surgical relief. Neither of the parties would consent to the giving of the needed attention to it by the surgeon selected by the other, and there were at that time two motions pending before the court, one upon the part of the appellee for an order requiring the appellant to give her $100, for the purpose of paying the expenses of herself and child to New York, to be operated on by specialists, and a motion by the appellant that he be given the custody of the child. The court, after hearing the testimony of physicians as to the serious condition of the child, and being satisfied that, if left to the parties to agree upon a surgeon, "no agreement would be reached, and as a result the said child would probably die, the court advised counsel for both parties" that it would not order an operation to be performed, but if at 12 o'clock midnight of that day the child remained in the same condition, and had not been given proper medical attention, the appellant's motion for a change of custody would be granted; and, being asked by appellee's counsel "how the surgeons were to be paid if the operation were performed, the court stated in the presence of all counsel that the plaintiff (appellant) would be ordered to pay therefor, and at 12 o'clock midnight, April 12, 1906, all counsel being present, appellee's counsel, "announced that the child had been given medical attention," whereupon the court denied the motion for change of custody, "and directed that the bills for said medical and surgical attention be presented," and when presented they were allowed in the amount stated in the order.

Section 471, pt. 4, of the Code of Alaska, provides:

"After the commencement of an action, and before judgment therein, the court or judge thereof may, in its discretion, provide by order as follows: First. That the husband pay or cause to be paid, to the clerk of the court, such an amount of money as may be necessary to enable the wife to prosecute or defend the action, as the case may be. Second. For the care and custody and maintenance of the minor children of the marriage during the pendency of the action."

Upon the facts above stated, the order of the court directing the appellant to pay to appellee $190 for the purpose of enabling her to satisfy the claims of the physicians for their professional services in attending upon the child Victor was justified by the second subdivision of the section just quoted. The order of court made after the entry of the final decree, requiring the appellant, in the event of an appeal by the wife, to deposit in the registry of the court or to give security for the payment of $250, costs on such appeal, was proper. We think, however, the court erred in its order requiring the appellant to pay to the appellee the sum of $75.90, being the amount theretofore expended by her for taking certain depositions. The court had previously made an order directing the appellant to pay the appellee the sum of $100 for necessary expenses which she might incur in the preparation of her defense. It appears that this sum was not sufficient, and appellee, without making further application to the court, proceeded upon her own

account, and borrowed the additional sum of $75.90 to cover the additional cost. It has been uniformly held in states having statutes similar to section 471, pt. 4, of the Code of Alaska, before quoted, that the court in an action like this is only authorized to make an allowance to the wife for future expenses. Thus in Beadleston v. Beadleston, 103 N. Y. 404, 8 N. E. 736, it is said:

"The purpose of the statute is to furnish the wife means to carry on her action or to defend the same during the pendency thereof. The allowance looks to the future. There can be no necessity for an allowance to make a defense which has already been made or solely to pay expenses already incurred. * * * There is ample power in the court to make allowances from time to time to enable the wife to carry on her defense, and when she needs money for that purpose she must apply for it. But, if she has succeeded in making her defense from her own means, or upon her own credit, she cannot, before judgment, while the action is pending, have an order compelling her husband to pay such expenses; and there is no statutory authority in the court to make such an order, and thus to compel him to pay her debts."

This view was repeated by the same court in McCarthy v. McCarthy, 137 N. Y. 500, 33 N. E. 550. See, also, as supporting the same rule, Loveren v. Loveren, 100 Cal. 493, 35 Pac. 87; Lacey v. Lacey, 108 Cal. 45, 40 Pac. 1056. In Loveren v. Loveren, the court, speaking by Fitzgerald, J., said:

"If the expenses of the action have been incurred or paid by her with means derived from her separate estate or upon her credit, then there can be no necessity for an allowance by the court to enable her to do that which she has already done, and without such necessity the court has no authority under the statute to make such an order. And no better evidence can be adduced of her ability in this respect than the fact that she has been able, as the record shows, to incur these expenses and to pay them with money borrowed by her entirely upon the strength of her credit. Expenses so incurred and paid may be, where it is proper to do so, taxable as costs in the case, but they cannot be made the basis of an order within the meaning of this statute granting an allowance therefor and compelling the husband to pay them."

The appeal from that portion of the decree awarding the custody of the child Victor to the appellee is dismissed. The order made after final decree is affirmed, and the decree appealed from, in so far as it orders and adjudges that appellee recover from appellant $515.90, is modified, by deducting from said sum $75.90, which appellant was required to pay for taking depositions, and, as so modified, the decree is affirmed, the appellee to recover costs.