[L. A. No. 4240. In Bank.—January 19, 1916.]

## VIOLA NEWLANDS, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF LOS ANGELES, Respondent.

DIVORCE—ALIMONY PENDING APPEAL BY WIFE FROM JUDGMENT AGAINST HER—DISCRETION OF TRIAL COURT.—Where a judgment of divorce has been awarded against the wife, the matter of the allowance to her of alimony pending her appeal therefrom, and attorneys' fees and costs in connection therewith, is within the discretion of the trial court, and its action is subject to correction on appeal only where there is a plain abuse of discretion.

ID.—COURT MAY CONSIDER MATTERS ARISING ON TRIAL.—In exercising his discretion in the decision of the motion for such alimony, the trial court has the right to consider all of the matters and evidence that came before him on the trial.

ID.—DETERMINATION THAT HUSBAND WAS NOT CHARGED WITH WIFE'S SUPPORT.—The trial court's conclusion upon the main case that the wife's action for separate maintenance was without merit and that the husband was entitled to a divorce, necessarily contained in it his conviction that the husband was no longer legally or equitably charged with the support of the wife.

ID.—ATTORNEYS' FEES PENDING APPEAL—RESERVATION OF FIXING UNTIL TERMINATION OF LITIGATION.—A writ of mandate will not lie to compel the trial court to award attorneys' fees to the wife pending such appeal, where it appears that such court, with the consent of the husband, is presently prepared to fix a minimum fee in a limited sum, reserving the fixing of the ultimate amount to be awarded until the termination of the litigation.

APPLICATION for a Writ of Mandate directed to the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

R. A. Dunnigan, for Petitioner.

George Beebe, for Respondent.

HENSHAW, J.—This is an original petition for mandate to compel the superior court of Los Angeles County and the Honorable Charles Monroe, judge thereof, to grant the petitioner alimony *pendente lite,* attorneys' fees and costs, grow-

ing out of the matter of her proposed appeal from the judgment and decree of divorce awarded against her.

By his answer respondent shows that petitioner, Viola Newlands, brought her action against her husband, Joseph R. Newlands, on the twenty-fourth day of August, 1914. She charged that the defendant abandoned her in the city of New Orleans on the third day of April, 1911, and ever since has without cause failed to provide for her. She also charged him with the infliction of extreme cruelty upon her. The defendant answered and likewise filed a cross-complaint, in which he sought a divorce from plaintiff upon the twofold grounds of her desertion and her cruelty. Pending the trial of this action plaintiff, under order not made by respondent, was in receipt of alimony *pendente lite*. The trial had before respondent resulted in his finding, upon ample legal evidence, that defendant had not deserted plaintiff and had not treated her with cruelty, had not applied to her violent and offensive names, and had never struck or beaten her; that defendant was not, as charged, at the time he contracted marriage afflicted with a loathsome venereal disease; that plaintiff upon the trial introduced evidence to show that she was and had been suffering from a venereal disease called gonorrhea, but neither this nor any other disease had been communicated to plaintiff by defendant; that during their married life together defendant provided for plaintiff according to his circumstances; that they were married in the city of New Orleans in 1909 and came to California in 1910; that on the third day of April, 1911, plaintiff, against the protest of her husband, insisted upon returning to New Orleans, and did return, deserting and abandoning her husband and her child about one year of age; that defendant protested against this desertion and abandonment of himself and their child, and that plaintiff with profanity declared her intention of returning to New Orleans, and demanded money of defendant to enable her to do so, threatening to commit suicide and to kill herself and child if the money was not forthcoming. Defendant's pleadings were unavailing, and on April 3, 1911, plaintiff took the train and went to New Orleans, where she remained until about the 4th of August, 1914. During the first year of her absence plaintiff wrote several letters to her husband asking him to send her money to enable her to return. The court found that defendant did not send her money

directly, but did send money in payment of debts which she had contracted in New Orleans. The court further found that her offers to return and her demand for money were not made in good faith, and that plaintiff was at the time carrying on a correspondence of an improper character with another man in the city of Los Angeles. For about three years before her return to Los Angeles she had no manner of communication with her husband and made no offer nor effort to return to him and to her child. Defendant's mother died in 1914, and upon her death he inherited property to the value of at least one hundred thousand dollars. Thereupon a woman, an enemy of defendant, caused advertisements to be published in New Orleans newspapers seeking to locate plaintiff and petitioner. She was thus located, and this woman then wrote to petitioner, telling of her husband's inheritance, and advising her to come to Los Angeles and bring suit and obtain some of the money. As a result of these efforts petitioner returned to Los Angeles in 1914 and began her action for separate maintenance. Upon the trial the respondent found and determined that plaintiff's case was without merit, and found and determined that there was an abundance of competent evidence justifying and demanding of the court the findings of fact, conclusions of law, and decree of divorce which were given. In view of all these facts and circumstances and of the conclusion of the court embodied in its judgment that plaintiff's cause of action against her husband was without merit and the defendant was entitled to a divorce from plaintiff and petitioner, the respondent, in the exercise of the discretion vested in him by law, denied petitioner's motion for alimony *pendente lite,* under the conviction that she was no longer entitled to look to her husband for any support, and that her husband was neither morally nor legally bound to contribute to that support. In the matter of the appeal the respondent declares further his conviction that the appeal is not taken in good faith, but that to the end that petitioner may not be deprived of the power to present such matters upon appeal as may be thought to be meritorious, provision has already been made for the payment of the cost of preparing the transcript on appeal, which cost it has been arranged will be met by defendant. In the matter of attorneys' fees, expressing the same conviction that the proposed appeal is without merit and is not taken in good

faith, respondent further declares that his discretion in the matter of the fixing of the fee can be the more wisely exercised upon the coming down of the *remittitur* following the determination of the appeal to this court, and that he is prepared at the present time, upon suggestion or mandate from this court, to fix a minimum fee in the sum of fifty dollars, with the understanding that full compensation will be awarded for the services of petitioner's attorney upon the termination of the litigation, when respondent's discretion can be the more wisely exercised to this end.

It must be conceded and indeed is not questioned but that a discretion is vested in the trial court in the matter here under consideration (Civ. Code, sec. 137), and that only a plain abuse of discretion is subject to correction at our hands. (*Smith* v. *Smith*, 147 Cal. 143, [81 Pac. 411]; *Gay* v. *Gay*, 146 Cal. 240, [79 Pac. 885].) Nor does it require the citation of authority to the proposition that even where discretion is vested, if that discretion under the facts can be legally exercised in but one way, mandate will lie to compel the inferior tribunal so to exercise it.

The simple question left for consideration, therefore, is one of fact. Can it be said that under respondent's showing of fact, the position which he has taken evinces a plain abuse of discretion? He was the judge who tried the cause. Before him appeared all of the witnesses and he heard all of the evidence. It was his right to take into consideration all of these matters in exercising his discretion in the decision of the motion subsequently made before him. (*Harron* v. *Harron*, 128 Cal. 305, [60 Pac. 932]; *Gay* v. *Gay*, 146 Cal. 238, [79 Pac. 885].) His conclusion upon the main case that plaintiff's action for separate maintenance was without merit and that defendant was entitled to a divorce, necessarily contained in it his conviction that the husband was no longer legally or equitably charged with the support of the wife. The affidavits of the wife filed in support of her motion that the venereal disease from which she suffered had impaired her health and rendered her incapable of performing manual labor as a domestic, which, it is said, was the only kind of labor at which she could support herself, would, if petitioner were destitute, make her an object of charity, but did not impose upon the divorced husband the duty of maintenance. The second phase of the matter, namely, the costs upon ap-

peal, is sufficiently covered by respondent's answer that costs upon appeal have actually been provided for and the appeal has been taken. In the matter of attorneys' fees we can perceive no objection to the attitude which the trial court took and has maintained. In all other cases an attorney's compensation is estimated when his services have been performed. It is not even open to question but that the value of those services can be better arrived at after they are performed than before. No more hardship is imposed upon the attorney in such a case than is imposed upon the attorney for an executor or other trustee who must first perform the services and await the settlement of the executor's or trustee's account before receiving his award. Upon the determination of this appeal and the going down of the *remittitur* the trial court will still have the parties litigant before it and the respondent can then, as he suggests, the more wisely exercise his discretion in the matter of the allowance of attorneys' fees.

The objection that an allowance of such attorneys' fees cannot be made after the services have actually been rendered, which objection is based upon the declarations in *Mudd* v. *Mudd*, 98 Cal. 320, 322, [33 Pac. 114]; *Loveren* v. *Loveren*, 100 Cal. 493, [35 Pac. 87], and *Lacey* v. *Lacey*, 108 Cal. 45, [40 Pac. 1056], is entirely obviated by force of the circumstance that in this case the husband did not object, but stipulated in writing his consent that this might be done. As the husband is the only person whose rights could be injuriously affected by such an order, his consent thereto removes any possible difficulty in the way of its legality and enforcement. And, finally, it may here be said that the same showing which we hold is sufficient to sustain the court's order refusing alimony *pendente lite* will equally sustain its order refusing any attorneys' fees whatsoever. Therefore it is unnecessary that mandate should issue. A suggestion to the trial court that it proceed to do what it has declared its willingness to do is sufficient in the premises.

Mandate is denied and the writ discharged.

Shaw, J., Sloss, J., Melvin, J., Lawlor, J., and Angellotti, C. J., concurred.