WOLKERS, PLAINTIFF AND APPELLANT, *v.* MASSON, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in a Matter of Costs and Attorney Fees.

No. 1775.—Decided March 1, 1918.

APPEAL—JURISDICTION.—The Supreme Court has jurisdiction on appeal of all cases brought in a district court regardless of the amount involved, provided the lower court had jurisdiction to enter the judgment or order appealed from. The limitation of three hundred dollars is applied only to actions brought in the municipal courts.

ID.—ALIMONY PENDENTE LITE—JUDGMENT.—An order granting alimony *pendente lite* is in the nature of a judgment for the payment of money, which is executionable immediately. It is considered as a final judgment determining a definite right between the parties and is not affected by the judgment which may be rendered in the principal action.

ID.—ID.—ATTORNEY FEES.—The provisions of sections 166 to 170 of the Civil Code govern the practice concerning temporary alimony and in a divorce suit counsel fees are a part of the maintenance of the wife, or very similar to it; therefore, according to section 170 of the Civil Code, no appeal lies from decisions rendered under these sections.

The facts are stated in the opinion.

Messrs. *Enrique Campillo* and *José Martínez Dávila* for the appellant.

Messrs. *Francisco Soto Gras* and *José Ramón Quiñones* for the appellee.

, MR. JUSTICE WOLF delivered the opinion of the court.

The appeal here is from an order allowing at the inception of a divorce suit costs and counsel fees to a wife. The appellee moves to dismiss on two grounds.

There is no merit to the first ground that this court is without jurisdiction because the amount recovered by the order is less than three hundred dollars. This court has jurisdiction on appeal of all cases initiated in a district court irrespective of the amount involved, provided the court below had jurisdiction to make the particular judgment or order from which the appeal is taken.

It is only from suits begun in the municipal courts that the limitation of three hundred dollars applies.

The other ground is that the order, by its nature, does not fall within any of the provisions of section 295 of the Code of Civil Procedure. In the California practice orders granting alimony *pendente lite* are considered to be in the nature of money judgments immediately executionable. In other words, as final judgments determining a definite right between the parties, unaffected by the judgment in the main suit. *Sharon* v. *Sharon,* 67 Cal. 185, 7 Pac. 456, *id.* 635; 8 Pac. 709; *Kessler* v. *Kessler,* 2 Cal. App. 509, 83 Pac. 257; *Lovern* v. *Lovern,* 100 Cal. 493, 35 Pac. 87. The general

practice seems similar to that of California. 3 C. J. 511, note 98; 14 Cyc. 802. There is a case in Idaho to the contrary. *Wyatt* v. *Wyatt*, 2 Idaho, 230, 10 Pac. 228. However, we think our practice is entirely covered by the provisions of Chapter III of Title V of Book First of the Civil Code, sections 166 to 170 inclusive. The chapter refers to "Provisional Measures to Which a Suit for Divorce May Give Occasion."

Section 168 is as follows:

"If the wife have not sufficient means to provide for her maintenance during the suit, the district court shall order the husband to pay her a sum for her separate maintenance in proportion to his means."

Counsel fees in the suit are a part of her maintenance, or very similar to it. 14 Cyc. 761. Section 170 provides as follows:

"No appeal shall lie from the decisions of the district court under this chapter, and they shall be amended by the said court when the circumstances of the case require it."

Hence the appeal must be

*Dismissed.*

Justices del Toro and Hutchison concurred.

Chief Justice Hernández and Justice Aldrey took no part in the decision of this case.