[Civ. No. 16233. Second Dist., Div. Two. July 14, 1948.]

MARTHA McCLURE, Respondent, v. LAURA ALPHA DONOVAN, Appellant.

Irving M. Walker, Lee J. Myers and William Kay Crawford for Appellant.

Martin, Hahn & Camusi for Respondent.

WILSON, J.—This appeal is from an order denying defendant's motion for an allowance of attorneys' fees in an action for annulment of marriage, the appeal from the judgment in which has been affirmed in an opinion this day filed * (Cal. App.), [195 P.2d 901].

When the trial of the cause began on September 10, 1946, defendant made an oral motion, without previous notice, for an allowance of attorneys' fees and costs. Plaintiff objected on the ground that no notice of the motion had been served. It was suggested that it might be stipulated that an order to

*Reporter's Note: A hearing in *McClure* v. *Donovan*, No. 16154, was granted by the Supreme Court on September 8, 1948.

show cause had been filed and a hearing be had on a later date. Plaintiff declined to join in such stipulation and demanded a formal notice with supporting affidavits. It was then stipulated that defendant might file an application for an allowance on which the court would rule if plaintiff offered objection. On September 12, the third day of the trial, defendant filed her motion for suit money and attorneys' fees which was noticed for hearing on September 17. The hearing was continued to September 30, at which time the court announced an award of $350 for fees and expenses. On October 1, a minute order was entered awarding that amount "to finance the defense" of the action, the court reserving "the right to make further allowances to said defendant for the said purpose." In making the order the court said that defendant was entitled to funds with which to procure witnesses and that "As to attorneys' fees, of course, that will have to go over. There is no order to show cause pendente lite to the extent it is being defended on the other side. It is merely a request that on notice an order be made."

On February 8, 1947, more than three months after the completion of the trial, defendant filed a notice of motion for an allowance of "additional attorneys' fees" on the ground that "said attorneys have rendered services reasonably worth far in excess of the sum heretofore allowed." The notice was accompanied by affidavits itemizing the services rendered. The motion was heard on February 24, and taken under advisement. On May 19, the court made an order denying the motion. The appeal is from the latter order.

Counsel are in agreement that the rule relating to the award of attorneys' fees in the annulment case is the same as in actions for divorce.

The order must be affirmed since the court was without power to require payment for attorneys' services rendered prior to the application for the allowance of fees. The power of the court to allow fees derives solely from section 137 of the Civil Code which provides that a husband may be required to pay "any money necessary to enable a wife . . . to prosecute or defend the action." The court is not empowered by section 137 to make an award to the wife except upon a finding of necessity (*Mudd* v. *Mudd*, 98 Cal. 320, 322 [33 P. 114]) and necessity does not exist when the services have already been rendered. (*Lacey* v. *Lacey*, 108 Cal. 45 [40 P. 1056]; *Loveren* v. *Loveren*, 100 Cal. 493 [35 P. 87].)

When the previous allowance of $350 was made the court stated that the matter of attorneys' fees would "have to go over" but plaintiff's counsel did not agree that a further hearing might be had on the motion then pending nor did they stipulate that the court might make an order for fees at a later date on a motion or an order to show cause subsequently filed. A similar situation arose in *Lacey* v. *Lacey, supra,* wherein, pending the action, the court made an award of counsel fees with "leave to apply for a further allowance." No other allowance was made until the final judgment in which an additional award was made. The court held that such allowance was for past services and was clearly not necessary to enable the wife to prosecute the action. In *Loveren* v. *Loveren, supra,* the court reversed an order for payment by the husband of expenses previously incurred by the wife, saying that if the expenses of an action have been *incurred* or paid with moneys derived from the wife's separate estate or *upon her credit* there is no necessity for an allowance to do that which she has already done, and without the necessity the court is without authority to make an award. The services performed by defendant's attorneys and costs incurred must have been on her credit or on payment made as the case progressed.

The cases cited by defendant do not aid her cause. In *Thomas* v. *Thomas,* 66 Cal.App.2d 818 [153 P.2d 389], previous to the trial the application for fees had been presented and the court had *ordered payment* to be made but postponed the determination of the *amount* until the time of trial. The court held that this was not error. *Collins* v. *Welsh,* 2 Cal.App.2d 103 [37 P.2d 505], was an action by the assignee of an attorney against the latter's client to recover for services performed for her in a divorce action wherein she had entered into a property settlement which waived her attorney's fees. The power of the court to award fees was not involved in the case except for the defense that an allowance ordered by the court and paid by the husband at the inception of the action was a bar to the action. The court held that this contention was without merit. In the course of the opinion it is said that the award of counsel fees to the wife pursuant to section 137 of the Civil Code is not a determination of the reasonable value of all legal services to be rendered since the amount and nature of the services cannot be ascertained at that time. This was said in response to the point above referred to which was raised as a defense to the effort of the attorney to recover the reasonable value of

the services rendered by him to the wife. In *Bohnert* v. *Bohnert*, 91 Cal. 428 [27 P. 732], the fee allowed was for conducting an appeal in a divorce action, not for past services.

The award for payments of costs and attorneys' fees in a divorce action is not a matter of right but rests in the sound discretion of the trial court. (*Stewart* v. *Stewart*, 156 Cal. 651, 655 [105 P. 955].) The discretion is not arbitrary but must be exercised reasonably and fairly taking into consideration all the facts and circumstances exhibited to the court in the evidence submitted at the hearing of the motion for an allowance.

A persual of the record, including all affidavits presented in support of and in opposition to defendant's motion, does not disclose an abuse of discretion.

The order appealed from is affirmed.

Moore, P. J., and McComb, J., concurred.