## William B. White v. Eliza J. White.

1. PRACTICE—*Objections to Master's Report.*—A master's report to which no objections have been filed in the court below, can not be questioned in the Appellate Court.

2. HUSBAND AND WIFE—*Separate Maintenance—Alimony.*—The fact that a wife who is complainant in a suit for separate maintenance has property of her own, does not prevent her from receiving temporary alimony. The law does not require her to exhaust her own resources first.

**Memorandum.**—Suit for separate maintenance. Appeal from an order for temporary alimony entered by the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, A. D. 1892, and affirmed. Opinion filed March 18, 1893.

### STATEMENT OF THE CASE.

On the 20th day of October, 1891, the appellee filed her bill for separate maintenance. On the 5th day of December, 1891, the appellant filed his answer. On the 4th day of May, 1892, an application was made for an allowance as temporary alimony.

The court entered one order for alimony of $150 for one month, beginning on April 20, 1892. At the same time the court entered another order, referring to master in chancery all reasonable bills made by complainant for support of herself and children since the separation of the parties in August, 1891, and costs of litigation, and the amount paid to or for the complainant or children on account of the same prior to April 20, 1892 (not including solicitor's fees), to take testimony and report same to court with conclusions thereon.

The master heard the matter and reported to the court the testimony and his conclusions thereon, in which he found in favor of complainant the sum of $710.45, which report was approved by the court. No objections or exceptions were made before said master to his findings, though the master served notice upon all the solicitors in the cause.

### APPELLANT'S BRIEF, ELBERT H. GARY, ATTORNEY.

The allowance of alimony should be of such sum as from the circumstances of the parties and the nature of the case

is fit and reasonable; and should be in proportion to the needs of the party who receives it and to the ability of the other to pay. Foote v. Foote, 22 Ill. 425; Andrews v. Andrews, 69 Ill. 609; Wilson v. Wilson, 102 Ill. 297.

It is essential to a decree for alimony *pendente lite*, that it appear that the defendant is able to pay.

The discretion of the court in making an order for alimony *pendente lite*, is a judicial and not an arbitrary discretion, and its exercise is open to review on appeal. Foss v. Foss, 100 Ill. 576; Dooley v. Dooley, 19 Brad. 391.

The allowance of solicitor's fees must be reasonable, in view of the ability of the defendant to pay. Blake v. Blake, 80 Ill. 523.

In estimating the net income the taxes, assessments and interest on liens should be taken into account. Dawson v. Dawson, 110 Ill. 287.

The application by a wife, pending suit for separate maintenance, for an allowance for temporary alimony and solicitor's fees, should not be granted where it is shown that she possesses in her own right sufficient means for her support and to defray such fees. Harding v. Harding, 40 Ill. App. 202; Rawson v. Rawson, 37 Ill. App. 491.

APPELLEE'S BRIEF, WILSON & ZOOK, ATTORNEYS.

The master having reported his conclusions thereon, and no exceptions having been filed before him to said report or his finding therein, it is forever too late to find any fault with the amount, but the finding of the master and the decree of the court thereon must stand as they are, and the same must be affirmed by the Appellate Court. McClay v. Norris, 4 Gilm. 370; Brockman v. Aulger, 12 Ill. 277; Prince v. Cutler, 69 Ill. 267; Pennell v. Lamar Ins. Co. 73 Ill. 303; Brainard v. Hudson, 103 Ill. 218; Cox v. Pierce, 120 Ill. 556; Jewell v. Rock River Paper Co., 101 Ill. 57; Singer v. Steele, 125 Ill. 426.

OPINION OF THE COURT, GARY, P. J.

This is an appeal from an order for temporary alimony, on a bill for separate maintenance.

The only complaint is as to the amount, and as that was awarded upon a master's report to which no objections were made below, the amount can not be questioned here. Huling v. Farwell, 33 Ill. App. 238, which, though reversed by the Supreme Court, (Farwell v. Huling, 132 Ill. 112,) was there affirmed on this point. If the appellee has a home well furnished, she may still claim temporary alimony. She is not required to exhaust her own resources first. The authority of Harding v. Harding, 40 Ill. App. 202, is destroyed by a reversal of that judgment of this court in 144 Ill. 588.

The order is affirmed.