[S. F. No. 2956.    In Bank.—March 12, 1902.]

CHARLES H. SMITH, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

DIVORCE—VACATION OF JUDGMENT—APPEAL—PRIOR DECREE FOR MAINTENANCE.—An appeal from an order vacating a judgment of divorce obtained by the husband against the wife cannot affect or suspend the operation of a prior decree rendered in an action for maintenance brought by the wife against her husband, the decree in which had become final. The judgment for divorce having been vacated the parties cannot be considered as divorced.

ID.—ALIMONY IN DIVORCE SUIT.—An order allowing and limiting alimony in the divorce suit to a fixed period of time, if valid, cannot be regarded as an order in the suit for maintenance, or as limiting the allowance of alimony made therein.

APPLICATION for a writ of prohibition to the Superior Court of the City and County of San Francisco to prevent the enforcement of a judgment for maintenance. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Foshay Walker, for Petitioner.

Stafford & Stafford, and D. C. Deasy, for Respondents.

TEMPLE, J.—This is an application for a writ of prohibition to prevent the superior court from enforcing a judgment against petitioner in favor of Josephine Smith, wife of petitioner, for maintenance. The decree was obtained in 1893

CXXXVI. Cal.—2

and required petitioner to pay his wife one hundred dollars per month for her support. The decree was not appealed from, and the petitioner paid the sum awarded Mrs. Smith down to and including the amount due on June 15, 1901. After that date he ceased, and upon demand refused to make further payment. For this reason, upon and after a due hearing, the respondent, as judge, found him guilty of contempt, and will proceed to enforce the judgment in this mode unless prevented by this court.

The reason why petitioner declines further payment of alimony, and why he seeks relief of this court is, that, as he claims, he has been divorced from his said wife.

After due and proper proceedings petitioner did obtain a decree of divorce, releasing him absolutely from the bonds of matrimony, on the twenty-fourth day of December, 1900, but the judgment was afterwards set aside and vacated and a new trial granted to Mrs. Smith, on August 30, 1901. From this order the petitioner has taken and perfected his appeal, which is still pending in this court. It is conceded that a complete divorce will relieve petitioner from the judgment for alimony, because the plaintiff in the first suit would no longer be his wife. On the other hand, the order granting a new trial, at least when it becomes final, completely annuls and sets aside the judgment. Petitioner contends, however, that the appeal from the order suspends it, and leaves the judgment in full force, the right to enforce it during the appeal being also suspended by the statutory policy.

The case principally discussed by counsel on both sides is the case of *Pierce* v. *Birkholm*, 110 Cal. 669. The question there was whether a judgment could be appealed from after a new trial had been granted and an appeal taken from the order, which appeal was still pending. It was held that such appeal could be taken. This conclusion was based upon the statute which limited the time for taking an appeal from a judgment and which provided no extension of the time for such a case; in other words, the judgment exists for the purposes of procedure where otherwise rights would be lost by mere lapse of time, without any power on the part of the party interested to prevent it. In days of old it would perhaps have been said to be a fiction indulged for the sake of the remedy.

But whether the appeal wholly suspends the order or ren-

ders it merely a provisional order, which may or may not be-come final and operative, is to some extent a metaphysical question which we need not determine. It is clearly the statutory policy that a judgment in such a condition should neither be enforceable, nor permitted to enforce itself, as does a decree of divorce. A valid decree of divorce requires no writ to enforce it. Its existence has all the effect upon the marital status of the parties that can be given to it. I think, therefore, these parties are not divorced.

The express provision in the decree of divorce that no alimony should be paid after June 15, 1901, cannot be regarded as an order made in the suit for maintenance. It evidently was not so intended, and it is doubtful whether it was valid.

The application is denied.

McFarland, J., Harrison, J., Garoutte, J., Henshaw, J., and Beatty, C. J., concurred.