[S. F. No. 3098.   Department Two.—June 17, 1905.]

## CHARLES H. SMITH, Appellant, v. JOSEPHINE SMITH, Respondent.

DIVORCE—ALIMONY PENDENTE LITE—ENFORCEABLE DECREE FOR MAINTENANCE—PRESUMPTION.—Where a wife sued for divorce has an enforceable decree for maintenance against the husband such decree must be considered upon an application by her for alimony pending the suit for divorce, and, in the absence of any showing of necessity for an increased allowance, must be presumed continuously adequate for her support until final judgment is rendered in the divorce suit.

ID.—ERRONEOUS·DUPLICATION OF ALLOWANCE.—The allowance of the same monthly sum as alimony in the divorce suit which was allowed in the decree for maintenance, thus duplicating the allowance, under a probable misapprehension as to the enforceableness of the decree for maintenance, and without any showing of necessity for such duplication or for an increase of maintenance, is erroneous, and will be reversed.

ID.—DISCRETION OF COURT NOT ARBITRARY.—The discretion of the court in allowing alimony pending a suit for divorce is not arbitrary, and must be exercised along legal lines, taking into consideration the circumstances of the parties, their necessities, and the financial ability of the husband.

APPEAL from an order of the Superior Court of the City and County of San Francisco allowing alimony.   Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Foshay Walker, and P. F. Dunne, for Appellant.

Aylett R. Cotton, for Respondent.

LORIGAN, J.—This is an appeal from an order granting defendant the sum of one hundred dollars per month alimony pending an appeal from an order granting a new trial, and an additional sum for attorney's fees and costs.   No point is made as to the award of counsel fees or costs, the sole question being concerning the validity of the award of alimony.

It appears from the record that on April 20, 1899, the superior court of San Francisco, in an action brought by the defendant against the plaintiff for maintenance on the ground

of desertion, made a decree in defendant's favor, requiring plaintiff to pay one hundred dollars a month for her maintenance, commencing May 15th of that year. No appeal was taken from this decree, and payments were thereafter made as by its terms required up to June 15, 1901.

Subsequent to the entry of said decree plaintiff commenced an action for divorce against defendant on the ground of extreme cruelty, and on December 26, 1900, a decree therefor was duly entered in his favor, by the terms of which it was provided that he should continue to pay defendant monthly the amount directed by said decree for maintenance until June 15, 1901, at which time it was provided in the decree that further payment should cease. No provision for any alimony was made in the decree of divorce.

Thereafter, on motion of defendant, and on August 30, 1901, the court granted her a new trial in the divorce case, and on the twenty-sixth day of November following made the order granting alimony, from which this appeal is taken.

In addition to the foregoing, the affidavits of the respective parties to the suit were presented upon the hearing of the motion for alimony. The affidavit of defendant recited generally that she had no property or means with which to support and maintain herself, and "that the sum of $200 a month is a reasonable sum to be allowed to defendant for her support and maintenance pending such appeal." The affidavit of the plaintiff stated that he was in receipt of a salary of $375 a month; that he had no other means or property, and out of his monthly salary was supporting himself and his aged and dependent mother.

It will be noted, from what has been said above, that when the decree of divorce was granted plaintiff, there was, and for a long time prior thereto had existed, a decree in defendant's favor awarded in the maintenance suit, giving her one hundred dollars a month for her support. The decree of divorce undertook to terminate payments under this maintenance decree after June 15, 1901.

If we assume that this provision in the divorce decree was valid, still, when the order for a new trial in the divorce suit was granted, it set aside the divorce decree to the extent at least that it undertook to affect the decree for maintenance, and left the latter enforceable against plaintiff according to

its terms. (*Smith* v. *Superior Court,* 136 Cal. 18, 68 Pac. 100.)

And after the order for a new trial was made in the divorce case, and before the payment of alimony was ordered, the defendant did, upon plaintiff's refusal to pay under the maintenance decree, proceed to enforce that judgment and compel payment by proceedings in contempt, and it was to prevent this that the application for the writ of prohibition disposed of in *Smith* v. *Superior Court,* 136 Cal. 18, 68 Pac. 100, was unsuccessfully made. It appears further, that the order providing for alimony, from which this appeal is taken, was made while plaintiff herein was resisting the payment under the decree of maintenance, and while his application for a writ of prohibition above referred to was pending here.

As, thus, no matter what dispute upon the subject may have existed, there was in law, when the decree for alimony in the divorce case was made, a valid enforceable maintenance decree in defendant's favor for a hundred dollars a month for her support, the real effect of the alimony order was to give defendant an additional hundred dollars per month; in other words, under two separate and distinct orders require plaintiff to pay for the same purpose the same amount per month.

We do not think the order for alimony, under the showing made upon the application for it, can be sustained.

It is true that the court is vested with discretionary power in determining whether, and to what amount, alimony *pendente lite* shall be awarded, and its order will not be disturbed except for an abuse of that discretion; but this is not an arbitrary power. This discretion must be exercised along legal lines, and in determining the matter the court must take into consideration the circumstances of the parties, their necessities and the financial ability of the husband, and make such an award as from these considerations is deemed proper.

Now, to what extent were the circumstances and necessities of the parties shown to the court upon the hearing? The statements in the affidavit of the defendant upon the only point involved—the amount necessary for her support—were of the most general character; that she had no means to support herself during the pending of the appeal, and that the sum of two hundred dollars a month was a reasonable sum to be allowed her for her support during that period.

The affidavit of plaintiff discloses that he had no means or property other than his salary of $375 a month, out of which he supported himself and his aged and dependent mother.

When you eliminate from consideration tne evidence relative to the decree for maintenance, the above was the entire showing upon which the order for alimony was made, from which it is apparent that, at best, it is an extremely meager one on which to support it.

But the decree for maintenance could not be eliminated from consideration. And, when taken into consideration, we are unable to perceive how the order can be supported. This decree for maintenance was in fact the only substantive evidence upon the main question involved in the application for alimony, namely, what, if anything, would be a reasonable amount to require the plaintiff to pay for the support of defendant? The defendant would only be entitled to an order in the divorce case for such an allowance, in the event that it appeared on the hearing that she was without means, and that no provision had been made for her adequate support by her husband. But the decree for maintenance, which was subsisting and enforceable against him, requiring him to pay her a hundred dollars a month, was evidence that such adequate provision had been made for the very purpose for which she sought the allowance under the application for alimony. And this was under a decree rendered in the same court, though a different department, in which the petition for alimony was heard and rendered, in an action where the only matter presented for adjudication, and which was in fact adjudicated, was the amount which the defendant was entitled to have paid to her monthly by her husband as adequate for her support. This was an award to the defendant enforceable against the plaintiff, which secured to her a hundred dollars a month for her support, and the decree was, in the absence of any contrary showing, evidence that this was an adequate amount for that purpose. It gave her all she could have required from the plaintiff in the alimony proceeding—support —not only pending the appeal, but until a judgment of divorce would have severed their marital relations. She was not entitled to have awarded her this same support by an order in an independent proceeding, and separately enforceable, when the maintenance decree secured her in all that she

could demand, and it was more effectually secured to her
than it could be by an order for alimony, and there was
nothing to show that the amount provided to be paid under
that decree was inadequate. The lower court, however, seems
to have given no consideration to this decree, and, notwith-
standing that thereunder the plaintiff was required to pay a
hundred dollars monthly for the maintenance of defendant,
ordered an equal amount payable monthly under the divorce
proceedings for the same purpose. And, but for this appeal,
as the decree for maintenance and the order for alimony
would have both been enforceable, the plaintiff would be
paying two hundred dollars a month for defendant's support,
when it is not pretended that any more than one hundred
dollars a month was necessary for that purpose, or under
either proceeding was intended to be awarded.

It may be true that the defendant was not concluded by the
decree awarding her maintenance from making application
in the divorce proceeding for alimony. An amount awarded
for maintenance may, as the circumstances, needs, and con-
ditions of the parties in whose favor it is awarded, change,
become inadequate; but relief under these changed condi-
tions may be obtained by application to the court in which the
maintenance proceeding was instituted (Civ. Code, sec. 137),
and it may be that in a divorce proceeding, upon application,
the court could award an amount in addition to what was
allowed in the maintenance suit, to make up the deficiency.
But, in either case, it is incumbent upon the petitioner to
show the necessity for the increase or the existence of the in-
adequacy. In the matter at bar there was no attempt at
such a showing, and it must be presumed that, as the sole
purpose of the maintenance suit was to provide by a decree
against the plaintiff for her support, that the amount awarded
was adequate for that purpose, and so continued to remain.

We are much inclined to the belief that the lower court,
in making its award of alimony in defendant's behalf, was of
the same opinion relative to this maintenance decree as was
entertained by plaintiff, that the decree of divorce had re-
lieved plaintiff from payment under it, and that the appli-
cation of plaintiff (then pending in this court and undecided
at the time the alimony was ordered) for a writ of pro-
hibition against enforcing its terms, would be successful.

This is the only theory upon which we think the lower court could have made the order, and it did so by eliminating the matter of the maintenance decree from consideration, in the belief that it provided defendant with no further support under it. This view, if entertained, was erroneous. As held in *Smith* v. *Superior Court*, 136 Cal. 18, 68 Pac. 100, the maintenance decree was still subsisting and enforceable, and provided, as far as any showing to the contrary is concerned, and more effectually than any order for alimony could have done (because the maintenance decree had become final), the adequate provision for her support, which the order of the court under the alimony proceeding had simply the effect of duplicating.

We are of the opinion that the order, as far as it directs payment of one hundred dollars per month for defendant's support, is erroneous, and it is to that extent reversed.

Henshaw, J., Van Dyke, J., Shaw, J., Angellotti, J., and Beatty, C. J., concurred.

McFARLAND, J., dissenting.—I dissent. Of course, the lower court had jurisdiction to make the order appealed from notwithstanding the existence of the former order; and I do not think that it sufficiently appears that the court had abused its discretion in making the order now reversed.