[L. A. No. 2757. Department One.—November 22, 1911.]

SAMUEL SHEPPARD, Appellant, v. LUCINDA SHEPPARD, Respondent.

DIVORCE—JUDGMENT FOR MAINTENANCE OF WIFE — ALIMONY PENDING APPEAL BY HUSBAND.—In an action for divorce, pending an appeal by the husband from a judgment against him awarding the wife during her natural life permanent alimony at a specified monthly rate for her maintenance and support, the trial court is authorized

to provide for her maintenance and support by him until the determination of the appeal, and to this end make an order directing the husband to pay the wife such sums as are reasonably necessary for that purpose.

ID.—JUDGMENT AND ORDER FOR ALIMONY COVERING SAME PERIOD—STAY OF JUDGMENT.—The fact that such support and maintenance for the period of time covered by the order was already provided for by the maintenance judgment did not compel the absolute denial of the motion for the order where execution of the judgment was stayed pending the appeal therefrom.

ID.—ORDER SHOULD PROTECT HUSBAND AGAINST DUPLICATE PAYMENTS FOR SAME PERIOD.—Where no showing was made on the motion for alimony pending the appeal from the judgment, that any larger amount was necessary for the support and maintenance of the wife than the amount awarded her by the judgment, it was the duty of the trial court, in making the order for alimony, to have protected the husband against the possibility of being compelled, by reason of the affirmance of the judgment or the dismissal of the appeal therefrom, to pay twice for any period of time the amount deemed necessary by the court for the support and maintenance of the wife during such period of time. In so far as the order made fails to give such protection it was erroneous.

APPEAL from an order of the Superior Court of Los Angeles County, made after judgment, requiring a husband to pay his wife alimony pending an appeal taken by him from the judgment. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

E. B. Drake, for Appellant.

Gray, Barker, Bowen, Allen, Van Dyke & Jutten, for Respondent.

ANGELLOTTI, J.—This is an appeal by plaintiff from an order made after judgment and on July 11, 1910, requiring plaintiff to pay defendant the sum of fifty dollars per month, alimony *pendente lite,* from December 17, 1909, to and including the final determination of the cause, which was then pending on appeal, three hundred and fifty dollars thereof (being the amount due to and including July, 1910), to be paid forthwith, and fifty dollars on the first day of each subsequent month; also fifty dollars costs and one hundred and fifty dollars attorneys' fees, to be paid forthwith.

No question is raised on this appeal as to the correctness of the order in so far as it gives defendant the amounts specified for costs and counsel fees, the only question being as to the alimony *pendente lite.*

The material facts are as follows: Plaintiff commenced an action for divorce against defendant. Defendant by her answer denied the charges made against her by plaintiff, and by cross-complaint sought an allowance for her maintenance and support. The trial court found against plaintiff, and also found that he had willfully deserted and abandoned defendant, and that fifty dollars per month was reasonably necessary to provide defendant with the common necessaries of life, and that such amount was a reasonable sum to be allowed her for her support and maintenance. This decision was rendered on December 15, 1909, and on the same day judgment was given denying plaintiff relief, and awarding defendant "permanent alimony at the rate of fifty dollars per month, . . . for her maintenance and support, . . . and continuing during the natural life of said" defendant. The judgment also gave her one hundred and fifty dollars attorneys' fees and costs. Plaintiff appealed from this judgment to this court and stayed the execution thereof by giving such an undertaking therefor as is required by law. Thereupon defendant made the motion for alimony pending such appeal, resulting in the order here under review, stating in her affidavit that the sum asked by her, fifty dollars per month, is necessary for her maintenance and support, and that it is the amount of permanent alimony ordered paid her by the judgment. The evidence before the court on the hearing of the motion was sufficient to warrant the conclusion that such sum was reasonably necessary for the support and maintenance of defendant, that she had no means of support, and that plaintiff was financially able to pay said sum. Upon these facts the trial court made the order here under review.

It cannot be disputed, in view of the authorities, that the trial court was authorized to provide for the support and maintenance of defendant by plaintiff pending the determination of the appeal from the judgment, and to this end to make an order directing plaintiff to pay defendant such sums as were reasonably necessary for that purpose. (See *Bohnert* v. *Bohnert,* 91 Cal. 428, [27 Pac. 732]; *Gay* v. *Gay,* 146 Cal.

237, [79 Pac. 885].)  And the fact that such support and maintenance for the period of time covered by the order sought was already provided for by the maintenance judgment did not compel the absolute denial of the motion.  Execution of the judgment was stayed by the appeal therefrom and the stay-bond given on such appeal, and consequently there was no enforceable judgment or order providing for her support and maintenance during the pendency of the appeal.  Then, too, the appeal from the judgment might result in a reversal, in which event it might result that defendant would never receive anything for her support and maintenance during the period of the pendency of the appeal, although clearly, under the authorities, she was entitled to such support and maintenance pending the appeal.

But the plain effect of the order as made, without reservation or qualification, was that if the maintenance judgment was affirmed or the appeal therefrom dismissed, and plaintiff required, as he undoubtedly would be in such event, to pay to defendant all the amounts due thereunder, he would be required to pay one hundred dollars per month for the support and maintenance of defendant during the whole time of the pendency of the appeal, viz.: fifty dollars per month under the judgment and fifty dollars per month under the order, although on the motion for alimony pending the appeal defendant claimed only fifty dollars per month for that purpose, and did not attempt to make any showing that more than fifty dollars per month was necessary for her support and maintenance.  There was absolutely nothing before the lower court on the hearing of this motion to support a conclusion by that court that defendant should have more than fifty dollars for her support and maintenance for any month during the pendency of the appeal.  It was plainly shown by the evidence on the motion that all that defendant was seeking and all that she was entitled to have in the way of alimony pending the appeal from the judgment, was the amount awarded her by the judgment, the payment of which to her had been stayed by the appeal therefrom.  As an illustration of the injustice that would follow the affirmance of this order in its present form, we have what has actually happened in this case, according to the showing made on the oral argument.  The maintenance judgment has been affirmed and the

judgment became final May 12, 1911, (*Sheppard* v. *Sheppard*, 15 Cal. App. 614, [115 Pac. 751], and plaintiff has been compelled to pay thereunder to defendant at the rate of fifty dollars per month from December 1, 1909, to and including October 1, 1911, together with interest, the same being for her support and maintenance between such dates. If this order be now affirmed in its present form, plaintiff would be compelled to again pay defendant at the rate of fifty dollars per month for her support and maintenance from December 17, 1909, to May 12, 1911, a period fully covered by the amounts already paid, although there was nothing in the showing before the lower court on the hearing of this motion to warrant a total allowance for maintenance and support for any month of more than fifty dollars. We are satisfied that it was the duty of the trial court in making this order, with the facts as to the maintenance judgment before it, to have protected plaintiff against the possibility of being compelled, by reason of the affirmance of such judgment or the dismissal of the appeal therefrom, to pay twice for any period of time the amount deemed necessary by the court for the support and maintenance of defendant during such period of time. To that much plaintiff was clearly entitled, and in so far as the order made fails to give such protection it was erroneous, and, as has developed, most prejudicial to plaintiff. The case of *Smith* v. *Smith*, 147 Cal. 143, [81 Pac. 411], is full authority for the proposition, if authority be needed, that the maintenance judgment and the liability of the husband thereunder were required to be taken into consideration by the court in making its order for alimony *pendente lite*. And taking them into consideration, it appears to us to necessarily follow, in view of the defendant's own showing as to the amount reasonably necessary for her support and maintenance, that the order was erroneous in so far as it fails to protect plaintiff against the possibility of being compelled thereby to pay more than fifty dollars per month for such support and maintenance for any period of time.

The effect of the error can be obviated by a modification of the order and its affirmance as modified. In view of our conclusion on the point discussed, and the facts as to satisfaction of the judgment for the period of time covered by the appeal, shown by the affidavit of plaintiff presented on the oral argu-

ment, it will be unnecessary to consider any other point made in the briefs.

It is ordered that the order appealed from be modified by inserting at the end thereof, after the word "forthwith," the following words and figures, viz.:—

"Provided, however, that all amounts paid hereunder by plaintiff to defendant on account of alimony at the rate of fifty dollars per month, shall, in the event of the affirmance of the judgment in this action providing for permanent maintenance at that rate, rendered December 15, 1909, be credited in favor of plaintiff in satisfaction *pro tanto* of such judgment; and provided further that if, in the event of the affirmance of the portion of such judgment providing for such permanent maintenance, plaintiff pays defendant thereunder at the rate of fifty dollars per month for support and maintenance for any period of time covered by this order, such payment shall operate *pro tanto* as a satisfaction of the requirements of this order as to support and maintenance for such period of time, and plaintiff shall not be required to make under this order any further payment for such period of time," and as so modified the order is affirmed.

Sloss, J., and Shaw, J., concurred.

Hearing in Bank denied.