[Civ. No. 3069. Second Appellate District, Division Two.—January 28, 1920.]

# ARTHUR L. FARRAR, Appellant, v. MATILDA L. FARRAR, Respondent.

[1] DIVORCE—CONTEST BY WIFE—RIGHT TO TEMPORARY ALIMONY AND COUNSEL FEES—INABILITY OF HUSBAND TO PAY.—If a husband comes into court for a divorce and the wife makes a defense, he must expect to furnish her with money .to enable her to make her defense, and, likewise, money wherewith to support herself during the litigation; and while the court may not punish him for contempt or dismiss his suit if he is unable to pay or earn the amount awarded the wife, it will refuse to proceed with the action until he has made the payments.

[2] ID.—OWNERSHIP BY WIFE OF NONINCOME-PRODUCING PROPERTY—LIABILITY OF HUSBAND FOR TEMPORARY ALIMONY.—Where the wife is the owner of nonincome-producing property, the law does not require her to have recourse to her own resources first, or to impair the capital of her separate estate, before calling on the husband for temporary alimony pending the latter's appeal from a judgment in her favor, based on her cross-complaint, in an action for divorce instituted by him.

[3] ID.—SUFFICIENCY OF ALIMONY—RIGHT TO INCREASED ALIMONY PENDING APPEAL—EVIDENCE—BURDEN OF PROOF—PRESUMPTION.—To entitle the wife, petitioning for temporary alimony pending her husband's appeal from a divorce decree in her favor, to an amount in excess of the permanent alimony thereby awarded her, after a trial on the merits where all the facts may be, and presumably are, adduced and considered, it is incumbent upon her to adduce evidence of new conditions that show a necessity for the increase, or else that the amount allowed by the decree was inadequate in the first instance. In the absence of such showing, the amount awarded by the decree must be presumed continuously adequate for her support until the judgment appealed from has become final, or, if the judgment is reversed, until a final judgment shall have been rendered in the divorce suit.

[4] ID.—TEMPORARY ALIMONY PENDING APPEAL—LIABILITY OF HUSBAND TO PAY TWICE—DUTY OF COURT TO PROTECT HUSBAND.—The trial court, in making an order for the payment of temporary alimony pending the husband's appeal from a divorce decree in favor of the wife, is under a duty to protect the husband against the possi-

1. Contempt proceedings to compel payment of alimony, note, 24 L. R. A. 433.

bility of being compelled, by reason of the possible affirmance of the judgment or the dismissal of the appeal therefrom, to pay twice for any period of time; and in so far as such an order fails to give that protection, it is erroneous.

APPEAL from an order of the Superior Court of Los Angeles County directing the payment of temporary alimony pending appeal. Lewis R. Works, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Thompson & Creighton for Appellant.

Frank C. Collier and Collier, Shelton & Schlegel for Respondent.

FINLAYSON, P. J.—This is an appeal by plaintiff from an order made after judgment requiring him to pay defendant the sum of $60 per month as alimony pending plaintiff's appeal from an interlocutory decree of divorce, and the further sum of $25 to pay for printing defendant's brief on that appeal.

Plaintiff commenced an action for divorce against defendant. Defendant filed an answer and cross-complaint. The trial court found against plaintiff on the issues tendered by his complaint and with defendant on the issues tendered by her cross-complaint, adjudged that she was entitled to a divorce, and, by its interlocutory decree of divorce, awarded defendant permanent alimony at the rate of $35 per month. From that judgment plaintiff took an appeal and stayed execution thereof by giving the necessary undertaking. Thereupon defendant made a motion for temporary alimony pending such appeal, resulting in the order here under review.

[1] It is no defense to defendant's application for temporary alimony and necessary suit money, pending her husband's appeal, to show that the husband is without means or that his condition and circumstances will not allow of his making such provision. The action was brought by him, and he, not she, is pressing the appeal from the judgment. If a husband comes into court for a divorce, complaining of his wife, and she makes a defense, he must expect to furnish her with money to enable her to make her defense, and, like-

wise, money wherewith to support herself during the litigation; and his poverty or inability to earn the money is no excuse. While the court may not punish him for contempt or dismiss his suit, if he is unable to pay or earn the amount awarded his wife, nevertheless the court will refuse to proceed with the action until he has made the payments. (*Purcell* v. *Purcell,* 3 Edw. Ch. (N. Y.) 194; *Cohen* v. *Cohen,* 11 Misc. Rep. 740, [32 N. Y. Supp. 1082]; 14 Cyc. 755; *State* v. *Superior Court,* 85 Wash. 607, [L. R. A. 1915E, 567, 148 Pac. 882]. See, also, *Winter* v. *Superior Court,* 70 Cal. 295, [11 Pac. 633].) Bishop states the rule as follows: "But a plaintiff husband, destitute both of funds and ability, will in a proper case have his suit suspended until he can do justice to his defending wife. If he cannot aliment her, and give her the means of defense, he cannot have his divorce." (Bishop on Marriage, Divorce and Separation, 2d ed., sec. 981.) This consideration disposes of a number of appellant's points, as, for instance, that the wife's affidavit upon which the order was based was filed some time previous to the making of the order; that the court erred in receiving evidence of the condition of appellant's bank account as of a certain date anterior to the making of the order; and receiving in evidence a certain check for one thousand dollars. The sole purpose of these items of evidence was to show plaintiff's ability to pay. But, as we have seen, ability to pay is not a *sine qua non* where, as here, the husband is the actor, pressing for a final decree in his own favor.

[2] Nor is it any defense to the order appealed from that the wife has property in her own right. It does not appear that her property is income-producing. Her affidavit states that she has no income whatever, except $2.50 per month, and that she is dependent upon her husband for support. Where the wife is the owner of nonincome-producing property, the law does not require her to have recourse to her own resources first, or to impair the capital of her separate estate. (*White* v. *White,* 50 Ill. App. 149.)

For these reasons the court below was warranted in awarding respondent some alimony for her support and maintenance, as well as suit money, during the pendency of her husband's appeal from the judgment. We think, however, that the amount allowed as temporary alimony for the

wife's support, pending her husband's appeal, should have
been limited to the amount awarded by the divorce decree as
permanent alimony; also that the husband should have been
protected against the possibility of being compelled to pay
twice for a part of the period covered by the pendency
of his appeal from that decree.

[3] The evidence upon which the interlocutory decree
of divorce was granted is not before us. We must assume
that the decree awarding the wife $35 a month as permanent
alimony was based on sufficient evidence. That decree is
evidence that the amount allowed thereby for permanent
alimony was an adequate amount for that purpose. Ordi-
narily temporary alimony should not exceed permanent
alimony. Indeed, it has been said that temporary alimony
should, under all ordinary circumstances, be less than per-
manent alimony. (*Sharon* v. *Sharon*, 75 Cal. 46, [16 Pac.
345].) At any rate, in the absence of necessity for an in-
crease, temporary alimony, pending an appeal from the
judgment, should not exceed the permanent alimony awarded
by that judgment. To entitle a wife, petitioning for tem-
porary alimony pending her husband's appeal from the
divorce decree, to an amount in excess of the permanent
alimony thereby awarded her, after a trial on the merits
where all the facts and circumstances may be, and pre-
sumably are, adduced and considered, it should be incum-
bent upon her to adduce evidence of new conditions that
show a necessity for the increase, or else that the amount
allowed by the decree was inadequate in the first instance.
In the absence of such showing, the amount awarded by the
decree must be presumed continuously adequate for her
support until the judgment appealed from has become final,
or, if the judgment be reversed, until a final judgment shall
have been rendered in the divorce suit. (*Smith* v. *Smith*,
147 Cal. 143, [81 Pac. 411].) The record here furnishes no
evidence that such showing was made.

[4] Moreover, it was the duty of the trial court, in
making the order from which this appeal was taken, to have
protected the husband against the possibility of being com-
pelled, by reason of the possible affirmance of the judgment
or the dismissal of the appeal therefrom, to pay twice for
any period of time. In so far as the order fails to give

such protection, it is erroneous. (*Sheppard* v. *Sheppard,* 161 Cal. 348, [119 Pac. 492].)

The order appealed from is modified by striking therefrom the words ''$60.00 per month'' and inserting in lieu thereof the words ''$35.00 per month''; also by inserting at the end of the order the following: ''Provided, however, that all amounts paid hereunder by plaintiff to defendant on account of alimony at the rate of $35.00 per month, shall, in the event of the affirmance of the judgment in this action providing for permanent maintenance at that rate, be credited in favor of plaintiff in satisfaction *pro tanto* of such judgment; and provided further, that if, in the event of the affirmance of the portion of such judgment providing for such permanent maintenance, plaintiff pays defendant thereunder at the rate of $35.00 per month for support and maintenance for any period of time covered by this order, such payment shall operate *pro tanto* as a satisfaction of the requirements of this order as to support and maintenance for such period of time, and plaintiff shall not be required to make under this order any further payment on account of support and maintenance for such period of time.''

As so modified, the order is affirmed, appellant to pay his own costs on this appeal.

Sloane, J., and Thomas, J., concurred.