[Civ. No. 4215. Second Appellate District, Division Two.—July 30, 1925.]

## MAUDE S. DIXON, Respondent, v. JOHN T. DIXON, Appellant.

[1] DIVORCE—DENIAL OF DIVORCE—ALIMONY—MODIFICATION OF ORDER. Under section 136 of the Civil Code the court, in a divorce action, is authorized to make an order allowing the wife alimony, even though she does not establish her right to a divorce; but in that event she might at any time appear and secure such modification of the order allowing her alimony as the facts would warrant.

[2] ID.—ABATEMENT—RELIEF.—The plea of a prior suit pending to abate a second action is limited to cases where the relief sought in the second action is obtainable in the first.

[3] ID.—ALLOWANCE OF ALIMONY IN DIVORCE ACTION—BAR TO LATER MAINTENANCE ACTION.—The allowance of alimony in a divorce action upon denial of divorce to either party is a bar to subsequent action brought by the wife for maintenance.

(1) 19 **C. J.**, p. 244, n. 71, p. 270, n. 16.   (2) 19 **C. J.**, p. 114, n. 94.   (3) 30 **C. J.**, p. 1087, n. 33.

APPEAL from a judgment of the Superior Court of Los Angeles County. Edwin F. Hahn, Judge. Reversed.

The facts are stated in the opinion of the court.

Hocker & Austin for Appellant.

Lawrence L. Larrabee for Respondent.

CRAIG, J.—The parties in this proceeding intermarried in October, 1913, and still are husband and wife. They separated on or about June 23, 1918, and on August 14, 1919, the husband commenced an action for divorce, wherein the wife filed an answer and cross-complaint, praying a decree dissolving the bonds of matrimony, and for attorneys' fees and costs. The cause was tried, and an inter-

1. See 1 Cal. Jur. 1019; 1 R. C. L. 935.
2. What identity of issues is necessary to abate subsequent action, note, 52 L. R. A. (N. S.) 79. See, also, 1 Cal. Jur. 28; 1 R. C. L. 13.

locutory decree of divorce was denied either party, but a minute order was made that the husband pay to the defendant and cross-complainant "alimony $40.00 a month until further order of court." Such order was never entered in the form of a judgment, but the parties continued living apart, and monthly payments were made as directed to and including December, 1921. Some time after the trial Dixon commenced persuasive methods in an attempt to induce his wife to return to him, as a result of which, upon consideration of his entreaties, she finally consented, and on or about January 13, 1922, she rejoined him. The parties lived together until April 4, 1922, when they again separated, but payments of said allowance were not resumed, though the original order remains upon the minutes of the court.

On June 8, 1922, the respondent commenced this action against appellant, charging that he had treated her with extreme cruelty during her second attempt to live with him, and praying judgment for separate maintenance, and for moneys to defray alleged necessary medical expenses, and for attorneys' fees and costs herein. Appellant answered, denying the allegations of her complaint, and affirmatively alleging the pendency of the divorce action and the order for alimony to be a bar to the subsequent suit. Order to show cause was issued, in response to which each of the parties appeared and testified, and appellant introduced the pleadings and orders of the first suit. Thereupon the trial court ordered that "the plea in abatement not proven, and disallows the same," and directed that the defendant pay to the plaintiff pending trial the sum of fifteen dollars weekly, besides attorneys' fees and costs.

The defendant appeals "from the judgment and order allowing alimony and attorneys' fees," contending that the decision and order of the lower court in the second suit are contrary to law and not supported by sufficient evidence. The gist of appellant's argument is that no findings or judgment were filed in the original action, and that the same is therefore still pending; that the cross-complaint stating grounds for divorce was sufficient to support a judgment for alimony or maintenance, with or without divorce. It is asserted that the right to separate

maintenance arises from the divorce statutes, and that had said minute order been in fact followed by the entry of judgment thereon, it would now constitute a complete bar to this action.

None of the evidence, other than the pleadings and orders above mentioned, are brought up on this appeal, and we are therefore not apprised of the grounds upon which the decree of divorce was denied to either party.

There may be room for argument, and some doubt, as to whether the respondent's cause of action, if she had one as alleged in her cross-complaint in the divorce case, was condoned by the parties living together as husband and wife subsequently thereto. If it be assumed that such a condonation took place, it was revoked according to the allegations of respondent's complaint in the instant action by the appellant having committed acts constituting a like cause for divorce. (Civil Code, sec. 121.) Hence, it cannot be said that the order entered in the divorce action became unenforceable through condonation.

On the other hand, it is quite reasonable to conclude that the wife did not establish a cause of action in support of the allegations of her cross-complaint in the first case. The court denied a decree of divorce to each of the parties. If this denial was due to the fact that her proof failed to show the defendant guilty of such acts alleged in her cross-complaint as would give her a right to a divorce, of course there was no misconduct to condone. [1] Under section 136 of the Civil Code the court was authorized to make an order allowing the wife alimony, even though she did not establish her right to a divorce; but in that event she might at any time have appeared and secured such modification of the order allowing her alimony as the facts would warrant. There can be no doubt that the respondent had a full and complete remedy in her right to appear at any time in the divorce action and ask for such additional alimony as new conditions arising subsequently to the trial might warrant, or to enforce payment of the alimony which had been directed to be paid. [2] The plea of a prior suit pending to abate a second action is limited to cases where the relief sought in the second action is obtainable in the first. [3] If the allegations of the complaint in the instant case are true, the only relief to which respondent here

would be entitled is that of an order for alimony, and this relief, as we have shown, she had already secured in the former action.   If this suit could be maintained, in the case where a husband had been guilty of cruel treatment of his wife for years, she might divide the time up into a number of periods and bring a separate action for maintenance based upon his cruelty during each one.   These and other considerations justify the rule which prohibits the bringing of a second action when a prior suit is pending entitling the party suing to the same relief.   We think that this defense advanced by the appellant is a bar to the instant suit.

The judgment appealed from is reversed.

Finlayson, P. J., and Works, J., concurred.