[Civ. No. 5249. First Appellate District, Division Two.—September 24, 1925.]

## OSMOND T. HELPLING, Appellant, v. MARGARET J. HELPLING, Respondent.

[1] DIVORCE — ALIMONY PENDENTE LITE — PRIOR SEPARATE MAINTE-NANCE DECREE.—Where a judgment for counsel fees and separate maintenance in favor of the wife, in an action instituted by her against her husband, has been fully satisfied by payment as directed therein, in a subsequent action for divorce instituted by the husband the trial court, upon a showing of necessity therefor, may order the husband to pay the wife a specified sum per month for her support *pendente lite* and also an allowance in favor of the wife for counsel fees and costs.

[2] ID.—DISCRETIONARY POWERS OF TRIAL COURT—PRIOR EXPIRATION OF SEPARATE MAINTENANCE DECREE.—The broad discretionary power vested in the courts to allow alimony *pendente lite*, costs and counsel fees in divorce actions is for the purpose of making sure that a wife shall not be without support and legal assistance in proper cases so that she may prosecute or defend such actions; and, while that purpose is served when an enforceable decree for separate maintenance is providing the means for the wife's support and legal assistance, it is not served when that decree has expired by its own limitation some time before the divorce action is brought.

[3] ID.—NEED OF FINANCIAL ASSISTANCE—EVIDENCE—FINDING.—In an action by the husband for divorce, a finding that the income of the wife is $125 per month, that she is heavily in debt for expenses incurred by reason of ill health and has no money or property to meet the expenses of attorney's fees in the case, is sufficient to justify a finding by the trial court that she is in need of financial assistance to defend the divorce action and for her support while it is pending.

[4] ID.—DISCRETION OF TRIAL COURT—APPEAL.—In the matter of the allowance of counsel fees and alimony *pendente lite* to the wife in an action for divorce instituted by the husband, the appellate

2. See 1 Cal. Jur. 958, 989.

3. Financial condition of parties as affecting allowance of alimony, note, 35 A. L. R. 1099.

4. See 1 Cal. Jur. 964; 1 R. C. L. 893,

court will not interfere with the exercise of the discretion of the trial court unless the record presents no support whatever for the order made.

---

(1) 19 **C. J.**, p. 220, n. 25 New, p. 237, n. 83 New.    (2) 19 **C. J.**, p. 205, n. 50, p. 206, n. 69, p. 228, n. 39, p. 229, n. 42.    (3) 19 **C. J.**, p. 207, n. 72, p. 215, n. 63, p. 224, n. 83, p. 228, n. 39.    (4) 19 **C. J.**, p. 207, n. 71, p. 229, n. 41, p. 329, n. 72, p. 330, n. 73.

APPEAL from an order of the Superior Court of Los Angeles County, requiring the husband to pay alimony *pendente lite,* also counsel fees and costs.    Edwin F. Hahn, Judge.    Affirmed.

The facts are stated in the opinion of the court.

Louis J. Euler for Appellant.

Schweitzer & Hutton for Respondent.

LANGDON, P. J.—This is an appeal from an order of the superior court of Los Angeles County requiring plaintiff, in a divorce action to pay to the defendant $50 a month for her support *pendente lite,* $250 for counsel fees and $50 for costs.

[1] It is contended that the order appealed from is improper because in 1918 Margaret J. Helpling, the defendant herein, brought an action against her husband, Osmond T. Helpling, the plaintiff herein, seeking separate maintenance, which was granted her by judgment entered upon a stipulation of the parties and providing for the payment to her of $50 a month "for a period of twenty-four months and no more" and $50 for attorney's fees in that action. This judgment was fully satisfied by payment as directed therein and was introduced in evidence in the instant case, the position being taken that it settled all property rights and questions of alimony between the parties forever. However, upon a showing that defendant herein was earning $125 a month, but was heavily in debt for expenses incurred by reason of ill health and had no money or property to meet the expenses incident to the present action, the court made the order appealed from, providing means whereby the present action might be defended.

Appellant relies upon the cases of *Sheppard* v. *Sheppard,*
161 Cal. 348, 352 [119 Pac. 492], and *Smith* v. *Smith,* 147
Cal. 145 [81 Pac. 411]. These cases do not sustain his
position. *Sheppard* v. *Sheppard* presented a situation where
the appeal was from an order allowing $50 a month to the
wife for separate maintenance. An additional order was
made allowing $50 a month during the pendency of the
appeal for the support of the wife. This order was also
appealed from and the supreme court pointed out that for
the period pending the appeal there were two valid, en-
forceable orders in effect, each providing for the payment
of the full amount asked by the wife for her support;
that payment had actually been enforced under the first
order, and that affirmance of the second order would
result in a double payment of an amount adequate for the
support of the wife and the payment of twice the amount
for which she had asked. It was because of these special
circumstances that the second order was reversed, but the
supreme court said: "It cannot be disputed, in view of the
authorities, that the trial court was authorized to provide
for the support and maintenance of defendant by plaintiff
pending the determination of the appeal from the judgment,
and to this end to make an order directing plaintiff to pay
defendant such sums as were reasonably necessary for that
purpose. (Citing cases.) And the fact that such support
and maintenance for the period of time covered by the
order sought was already provided for by the maintenance
judgment *did not compel the absolute denial of the motion.*
Execution of the judgment was stayed by the appeal there-
from and the stay-bond given on such appeal, and conse-
quently there was no enforceable judgment or order pro-
viding for her support and maintenace during the pendency
of the appeal. Then, too, the appeal from the judgment
might result in a reversal, in which event it might result
that defendant would never receive anything for her sup-
port and maintenance during the period of the pendency
of the appeal, although clearly, under the authorities she
was entitled to such support and maintenance pending the
appeal."

74 Cal. App.—28

The court then states that the effect of the order for alimony *pendente lite, without qualification,* was that if the maintenance judgment was affirmed and the husband required to pay the amount stated therein, he would be required to pay $100 a month instead of $50, the amount asked by the wife, and the amount found necessary for her support. The remedy for this inequitable situation is suggested in the following language of the decision: ''We are satisfied that it was the duty of the trial court, in making this order, with the facts as to the maintenance judgment before it, to have protected plaintiff against the possibility of being compelled, by reason of the affirmance of such judgment or the dismissal of the appeal therefrom, to pay twice for any period of time the amount deemed necessary by the court for the support and maintenance of defendant during such period of time. To that much plaintiff was clearly entitled, and in so far as the order made fails to give such protection, it was erroneous, and, as has developed, most prejudicial to plaintiff.''

No similar situation was presented in the instant case. Under the authority of the case last cited, the existence of the decree for separate maintenance did not require the denial of a motion for alimony *pendente lite* in the divorce action; but the former should have been taken into consideration in reaching an equitable order regarding the latter. The facts with reference to the decree for separate maintenance in this case were that the wife was no longer receiving money thereunder; that it provided for maintenance only for twenty-four months and payments thereunder had ceased about two years before the order for support *pendente lite* was made. The plaintiff was, therefore, not required to pay twice for the same period of time, and the order under consideration is not at all in conflict with the Sheppard case. Neither is it in conflict with the case of *Smith* v. *Smith, supra.* In that case the court said: ''As, thus, no matter what dispute upon the subject may have existed, there was in law, when the decree for alimony in the divorce case was made, a valid, enforceable maintenance decree in defendant's favor for a hundred dollars a month for her support, the effect of the alimony order was to give defendant an additional hundred dollars per month; in other words, under two separate and distinct orders require plain-

tiff to pay for the same purpose the same amount per month.''

We see, therefore, that the two cases relied upon by appellant contain language which would · exclude from the operation of their ruling a situation such as the present one where the defendant was entitled to receive nothing under the separate maintenance decree at the time the order complained of was made.

[2] The broad discretionary power vested in the courts to allow alimony *pendente lite,* costs and counsel fees in divorce actions is for the purpose of making sure that a wife shall not be without support and legal assistance in proper cases so that she may prosecute or defend such actions. (*Newman* v. *Freitas,* 129 Cal. 283, 292 [50 L. R. A. 548, 61 Pac. 907].) That purpose is served when an enforceable decree for separate maintenance is providing the means for the wife's support and legal assistance; but it is not served when that decree has expired by its own limitation some time before the divorce action is brought, as in the instant case. In such a case, the reason for the discretionary power exists, and here the court has found the necessity for its exercise to exist also. [3] The latter finding brings us to the second contention of appellant, which is that the facts of the case do not justify a finding that the defendant is in need of financial assistance to defend the divorce action, or for her support while it is pending.

The record recites that the defendant testified ''that her income at present was $125 per month; that she was heavily in debt for expenses incurred by reason of ill health and had no money or property to meet the expenses of attorney's fees in this case.'' This is sufficient. [4] We are reluctant to interfere with the exercise of the discretion of the trial court in a matter of this kind, and will never do so unless the record presents no support whatever for the order made. As was said in the case of *McCahan* v. *McCahan,* 47 Cal. App. 173 [190 Pac. 458]: ''The courts of this state have consistently recognized and upheld the broad discretionary power vested in the trial judges by the above section of the code (Civ. Code, sec. 137) in these matters.''

The order appealed from is affirmed.

Sturtevant, J., and Nourse, J., concurred.