[Crim. No. 1686. Second Appellate District, Division Two.—August 9, 1928.]

In the Matter of the Application of JOHN M. WAGNON, for a Writ of Habeas Corpus.

Robert L. Austin and John N. Helmick for Petitioner.

Joseph N. Owen for Respondent.

CRAIG, Acting P. J.—The petitioner was committed to the county jail of Los Angeles County for contempt of court for failure to pay a monthly award to his wife, Nellie R.

Wagnon, for the maintenance and support of their minor child. He seeks his freedom from such confinement by *habeas corpus*.

It appears that on May 18, 1918, Mrs. Wagnon filed in the superior court of San Bernardino County a suit for divorce from the petitioner, which resulted in a judgment for the defendant, but the court made an order therein directing that he pay $15 per month for the maintenance and support of the minor. Thereafter, and on December 13, 1918, the petitioner herein instituted a suit for divorce in the superior court of Los Angeles County, reciting in his complaint: "That there is now living of the issue of said marriage one child, Virginia Merle Wagnon, aged six years." No appearance was made by the defendant in the latter action, and an interlocutory decree was entered by default. No allowance was requested in the complaint last mentioned, but the court inserted in the interlocutory decree a provision that the plaintiff, petitioner herein, pay to the defendant $15 per month for the maintenance and support of said minor. Thereafter petitioner was served with an order to show cause why said amount fixed in the Los Angeles suit should not be increased. He appeared personally, and after hearing it was ordered that he pay in lieu of the $15 formerly ordered the sum of $45 per month. All payments required by the order of the San Bernardino court were made as they became due, but petitioner did not pay the monthly allowance ordered by the superior court of Los Angeles County. On January 12, 1928, he was ordered to show cause why he should not be punished for contempt for failure to obey this latter order, and on the twenty-fourth of said month he appeared and answered. Evidence, oral and documentary, was introduced, and the matter was submitted, whereupon petitioner was adjudged guilty of. contempt of court and sentenced to confinement in the county jail.

The commitment recites all of the foregoing facts, among others, and that the plaintiff had the ability to make such payments, "but that he wilfully, and intentionally, failed, neglected and refused to comply with said order." It is therein further stated: "The foregoing facts constitute contempt of court."

So far as appears, the plaintiff, petitioner here, was afforded no opportunity to furnish evidence of the existence of the first order, when the interlocutory decree was signed in Los Angeles County. There is no showing in the record before us that the defendant attempted to obtain in San Bernardino County an increase of the amount there adjudged as sufficient for the needs of the minor child, or that there was any showing before the Los Angeles court as to the inadequacy of the first order, or the necessity for an increase in the amount allowed. At the date of the interlocutory decree and of the motion for an increase in Los Angeles County, there was a subsisting and enforceable order in the first action requiring petitioner to pay $15 per month with which the petitioner had been and was then complying. The effect of the second order was to require petitioner to pay twice each month the amount theretofore adjudged as adequate, for the same purpose, and this amount was thereafter increased to four times that amount. The situation was therefore the same as that presented in *Smith* v. *Smith*, 147 Cal. 143 [81 Pac. 411], wherein it was held that this could not be done, and it was there held that the first decree could not be eliminated from consideration, the court saying: "An amount awarded for maintenance may, as the circumstances, needs, and conditions of the parties in whose favor it is awarded change, become inadequate; but relief under these changed conditions may be obtained by application to the court in which the maintenance proceedings was instituted (Civ. Code, sec. 137)." The same rule was announced in *Sheppard* v. *Sheppard*, 161 Cal. 348 [119 Pac. 492], *Farrar* v. *Farrar*, 45 Cal. App. 584 [188 Pac. 289], *Helpling* v. *Helpling*, 74 Cal. App. 431 [240 Pac. 1023], and *Dixon* v. *Dixon*, 74 Cal. App. 101 [239 Pac. 383]. In *Farrar* v. *Farrar*, *supra*, it was also held that in the absence of showing to the contrary, it must be assumed that the first allowance was based upon sufficient evidence, and that the amount then allowed was adequate.

It becomes apparent, therefore, that the recital in the commitment in this case that "The foregoing facts constitute contempt of court," was contrary to numerous rulings upon the subject, and that it was based upon an order which was not enforceable. We are not unmindful of authorities holding that an order valid upon its face will not be re-

viewed, or error of the trial court corrected, in *habeas corpus* proceedings. It appears, however, that upon the showing in the court below of the facts here presented, and in fact recited in the commitment itself, the petitioner was not guilty of contempt of court, and there are cases in this state holding that by showing the invalidity of the order sought to be enforced in contempt proceedings, one may purge himself of the contempt, even though it be contempt to violate the order, and should in such event be discharged. (*Ex parte Clarke,* 126 Cal. 235 [77 Am. St. Rep. 176, 46 L. R. A. 835, 58 Pac. 546]; *Tomsky* v. *Superior Court,* 131 Cal. 620 [63 Pac. 1020]; *Abbott* v. *Abbott,* 24 Cal. App. 475 [141 Pac. 939].)

The writ is granted, and the petitioner is discharged.

Thompson, J., and Hazlett, J., *pro tem.,* concurred.