[Civ. No. 8688.   First Appellate District, Division One.—October 26, 1932.]

GLADYS R. MINNICH, Appellant, v. JESSE C. MINNICH, Respondent.

JESSE C. MINNICH, Respondent, v. GLADYS R. MINNICH, Appellant.

James Donovan for Appellant.

Hulme, Hastings & Bartlett, William B. Himrod and Gerald Bridges for Respondent.

THE COURT.—An appeal from an order denying the motion of Gladys R. Minnich for an allowance to cover cost of preparing her appeals from the judgment entered in the above actions, together with alimony pending the appeals, and attorneys' fees.

The first action was for separate maintenance brought by appellant, and the second was an action by which respondent sought a divorce from appellant on the ground of desertion. Judgment was entered against appellant in her action except that she was allowed the sum of $500 attorneys' fees, and costs; but in the action by respondent judgment was entered in his favor.

Appellant upon filing her appeals from the judgments moved the court for an order requiring the payment of the further sums of $750 for attorneys' fees, and $150, the estimated cost of preparing the record and her briefs on appeal. After a hearing, at which affidavits were read and witnesses sworn and examined, the motion was denied.

The appeals in the two actions were heretofore decided (*ante*, p. 1 [15 Pac. (2d) 804]). The judgments in so far as they denied a decree of separate maintenance and adjudged that respondent was entitled to a divorce on the

ground of desertion, were affirmed; but those portions thereof by which it was adjudged that appellant had no interest in the property described in the pleadings, were reversed and the causes remanded for a retrial of the latter question. It was further ordered that appellant recover her costs of appeal.

While the trial court is authorized to make provision for the prosecution of an appeal by a wife (*Sheppard* v. *Sheppard*, 161 Cal. 350 [119 Pac. 492]; *Locke Paddon* v. *Locke Paddon*, 194 Cal. 73 [227 Pac. 715]), nevertheless such allowances are discretionary, and only a plain abuse of discretion is subject to correction on appeal (*Smith* v. *Smith*, 146 Cal. 143 [81 Pac. 411]; *Newlands* v. *Superior Court*, 171 Cal. 741 [154 Pac. 829]). Here the evidence— which the trial court believed—tended to show that respondent's property was encumbered to such an extent that the payments asked for were beyond respondent's power to make. Counsel for appellant sought to contradict the evidence adduced by respondent in this respect, and called a witness for the purpose of proving that respondent had made statements contrary to his testimony. This witness denied that such statements were made, and it was then sought to impeach her by showing that she had made statements at variance with her testimony. The offered evidence was rejected by the court, and appellant complains of the ruling.

Whether the ruling was correct or not, the inconsistent statements, if any, made by the witness would not have been competent as evidence against respondent of the truth of the witness' previous statement. It would have had the effect merely of discrediting the witness (*Albert* v. *McKay*, 174 Cal. 451 [163 Pac. 666]).

After an examination of the testimony and affidavits we cannot say that the conclusions of the trial court are unsupported. As stated, there had already been allowed the sum of $500 as attorneys' fees; and, as appears from the records above referred to, the appeals have actually been taken and decided. Appellant will recover her costs in these proceedings, and doubtless an allowance will, if proper, be made in connection with the further proceedings in the two cases. We are satisfied that no abuse of

discretion has been shown, and that considering all the circumstances the order resulted in no miscarriage of justice.

The order is affirmed.